IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PAULA CHANICKA URBACH | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:05cv00507 SWW |
| | * | |
| | * | |
| UNITED STATES DEPARTMENT | * | |
| OF THE AIR FORCE; HONORABLE | * | |
| JAMES G. ROCHE, SECRETARY OF | * | |
| THE AIR FORCE; AND WILLIAM | * | |
| KATTNER, JR., INDIVIDUALLY, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This is a case of alleged employment discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code. Ann. §§ 16-123-101 *et seq*. The plaintiff, Paula Chanika Urbach, alleges that she was subjected to sexual harassment by separate defendant William Kattner, Jr., and that he, "along with others, continued to create a hostile work environment for plaintiff." Plaintiff also alleges she was "punished because she is a whistleblower and for exercising her right of free speech." The government has filed a motion [doc.#7] to dismiss the complaint against separate defendants United States Department of the Air Force and William Kattner, Jr., on grounds that the head of the agency (also a defendant in this action) is the only proper defendant in cases alleging discrimination and that they, therefore, are not proper parties. The government also moves to dismiss plaintiff's ACRA claim on preemption grounds. The plaintiff has responded in opposition to the government's motion.

Although plaintiff's complaint is quite cursory, it appears she is alleging claims of sexual

harassment, hostile work environment, and retaliation, all of which are covered by Title VII. That being so, the Court agrees with the government that separate defendants are not proper parties to this action. *See Mathis v. Henderson*, 243 F.3d 446, 451 (8th Cir. 2001) (noting that when the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim, and Title VII's preemptive effect as to claims against individual supervisors is coextensive with its preemptive effect as to claims against federal agencies). For the same reasons, plaintiff's ACRA claim is preempted. *See id*. (Where a plaintiff is using the same factual allegations to support both a claim against a federal agency under Title VII and state-law claims against her supervisor in his individual capacity, Title VII is the exclusive civil remedy to her and it preempts the state-law claims).[1]

In sum, separate defendants United States Department of the Air Force and William Kattner, Jr., should be and they hereby are dismissed from this action. Plaintiff's ACRA claims likewise are hereby dismissed. This action will proceed under Title VII against the Honorable James G. Roche, Secretary of the Air Force.[2]

        IT IS SO ORDERED this 5th day of July, 2005.

        /s/Susan Webber Wright

        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

---

[1] In this respect, claims premised under ACRA are analyzed in the same manner as Title VII claims. *See, e.g., Henderson v. Simmons Foods,* Inc., 217 F.3d 612, 615 n.3 (8th Cir. 2000). *See also Gentry v. Georgia-Pacific Corp*., 250 F.3d 646, 650 (8th Cir. 2001); *Flentje v. First National Bank of Wynne*, 11 S.W.3d 531, 536-38 (Ark. 2000). Thus, the same facts used to support plaintiff's Title VII claims would be used to support her ACRA claims as well.

[2] Defendants' motion [doc.#9] to attach Ex. A, a copy of this Court's Order in the case before it was non-suited that ruled on the same motion and granting the same relief as today's Order, is hereby granted.