IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PAULA CHANICKA URBACH | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:05cv00507 SWW |
| | * | |
| | * | |
| UNITED STATES DEPARTMENT | * | |
| OF THE AIR FORCE; HONORABLE | * | |
| JAMES G. ROCHE, SECRETARY OF | * | |
| THE AIR FORCE; AND WILLIAM | * | |
| KATTNER, JR., INDIVIDUALLY, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

This is a case of alleged employment discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. The matter is before the Court on motion [doc.#13] of the remaining defendant, the Honorable James G. Roche, Secretary of the Air Force, to dismiss for failure to exhaust [doc.#13].[1] The plaintiff, Paula Chanicka Urbach, has responded in opposition to defendant's motion, which this Court previously informed the parties will be considered as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, and the defendant has filed a reply to plaintiff's response.[2] Having considered

---

[1] By Order filed July 7, 2005 [doc.#12], this Court dismissed from this action separate defendants United States Department of the Air Force and William Kattner, Jr., and also dismissed plaintiff's claim under the Arkansas Civil Rights Act of 1993, Ark. Code. Ann. §§ 16-123-101 *et seq*.

[2] By Order filed July 25, 2005 [doc.#16], granting plaintiff's motion for an extension of time in which to respond to defendant's motion to dismiss, this Court informed plaintiff that defendant's motion to dismiss would be considered as a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and considered under the standards applicable thereto as defendant has submitted with his motion matters outside of the pleadings and that plaintiff may likewise submit with her response matters outside the pleadings for this Court's consideration. Plaintiff has not submitted any such matters, however, other than referencing an attachment to her complaint, namely, a decision of the U.S. Equal Employment Opportunity Commission dated February 11, 2005.

the matter, the Court will grant defendant's motion to dismiss or for summary judgment for failure to exhaust.

I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rest on mere allegations or denials of his pleading, but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id*. at 587 (quoting Fed.R.Civ.P. 56(e) and adding emphasis).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citations omitted).  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. (citation omitted).

II.

Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies. *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). For a federal employee, this requires, as an initial matter, that she initiate contact with an Equal Employer Opportunity (EEO) counselor within 45 days of the date of the matter alleged to be discriminatory or of the effective date of the alleged discriminatory personnel action. *Id*. (citing 29 C.F.R. § 1614.105(a)(1)); *Jensen v. Henderson*, 315 F.3d 854, 858 (8th Cir. 2002)). If the matter cannot be resolved informally with the help of the counselor, the employee may file a formal EEO complaint with the agency. *Id.* (citing 29 C.F.R. § 1614.106). Within 90 days following receipt of notice of adverse agency action – such notice typically referred to as a "right-to-sue letter" – plaintiff must file his or her suit. *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390-91 (5th Cir. 1991).

The Court hereby grants defendant's motion to dismiss for failure to exhaust as it is undisputed that the last alleged act of discrimination occurred on March 23, 2003, but plaintiff did not initiate contact with an EEO Counselor until June 11, 2004. *See* EEOC Decision dated Feb. 11, 2005 (Ex. B, Pl.'s Compl.); EEO Counselor's Report (Ex. 1, Def.'s Mot. for Summ. J.); Pl.'s Charge of Discrimination (Ex. 2, Def.'s Mot. for Summ. J.). There simply is nothing in the record showing that plaintiff exhausted her administrative remedies by initiating contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory and she does not allege, nor does the record reveal, any act or omission that would warrant an extension of the 45-day deadline. This is so whether defendant's motion is considered under the standards governing motions to dismiss or motions for summary judgment. As such, the defendant's

motion to dismiss or for summary judgment must be granted.  *Burkett*, 327 F.3d 658, 660.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [doc.#13], which has been considered as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, be and it hereby is granted.  Judgment will be entered accordingly.

Dated this 9th day of August, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE